## GIRARD v GIRARD

Ohio Appeals, 2nd Dist, Franklin Co

No 2632.   Decided April 4, 1936

Arthur L. Rowe, Columbus, for plaintiff in error.

Horace S. Kerr, Columbus, for defendant in error.    ,

### OPINION

By BODEY, J.

This is an error proceeding from the Court of Common Pleas, Division of Domestic Relations.  Reference will be made to the parties as they appeared in the lower court, inverse to their order here.  An affidavit charging the plaintiff with contempt of court was filed by defendant.  On hearing the court found the plaintiff not guilty.  A motion for new trial was filed and overruled.  In the instant proceeding the plaintiff in error, defendant below, seeks to reverse this final order of the lower court.

The complaint in contempt charged that the plaintiff had failed to comply with the order of the court in that he had not turned over to defendant a policy of life insurance of the face value of $5000.00 in which the defendant was named as the irrevocable beneficiary.  The original order of the trial court dated February 19, 1932, reads in part as follows:

"It is further ordered that the plaintiff turn over to the defendant by way of permanent alimony a certain policy of life insurance in the sum of Five Thousand ($5000.00) Dollars now held by the plaintiff in the Travellers Insurance Company of Hartford, Connecticut, and that he make her the irrevocable beneficiary thereof and it is further ordered that the said plaintiff keep up all payments of premiums on the said Five thousand dollar ($5000.00) policy when and as the same become due and payable so as to keep said policy in full force and effect for the benefit of the defendant herein; and said plaintiff is hereby permanently enjoined from cancelling, surrendering or encumbering said insurance policy in any manner or from impairing its value in any way during his lifetime.

It is further ordered that in case the plaintiff fails, neglects or refuses to comply with the aforesaid order relative to turning over the Five Thousand ($5000.00) dollar insurance policy in the Travellers Insurance Company of Hartford, Connecticut, or that he for any reason fails, neglects or refuses to keep up all payments of premiums on said policy so as to keep the said policy in full force and effect for the defendant's benefit or if he fails, neglects or refuses to make her the beneficiary thereto or if for any reason this said policy is allowed to lapse or if anything occurs at any time whereby this defendant would be deprived of the entire proceeds of said policy as it becomes due and payable under the terms of said policy then this plaintiff is ordered to pay the defendant Five Thousand ($5000.00) dollars in cash instanter.  But if the plaintiff complies with the aforesaid order as to the insurance policy then and in that case it is to be understood and so ordered that he shall not be compelled to pay the $5000.00 in cash or any part thereof.

It is further ordered that in case of death of the defendant before the said insurance policy is due and payable under the terms therein then and in that event the beneficiary's interest shall thereupon revert to the plaintiff and he shall have the privilege of changing the beneficiary therein to any person or persons whom he may elect."

The evidence shows that on March 5th, 1932, the plaintiff turned over to defendant insurance policy in the Travellers Insur-

ance Company numbered 1134293-B in the sum of $5000.00, said policy being payable 'to Nellie E. Girard, wife and in event of her prior death to John S. Girard, nephew'; that said policy is in full force and effect and has been in the possession of the defendant since said date; that the attorneys representing defendant were present when arrangements were made with the agent of the Insurance Company to have said policy issued, the same representing one-half of an original policy of $10,000.00 issued on the life of plaintiff.

As we read and construe the order of the court directing the original issue of this policy, we conclude that it was the intention of the trial court to endow the defendant with the proceeds of this $5000.00 insurance policy only in the event that she survived the plaintiff. In our opinion this is the only consistent construction which may be accorded to the language employed by the court in its journal entry. It was evidently the court's purpose to take away from plaintiff the right to change the beneficiary in this policy during the lifetime of the defendant only. This is apparent when we read the last paragraph of the order as the same has been hereinabove quoted. It is also noted that the court permanently enjoined plaintiff from cancelling, surrendering or encumbering this insurance policy in any manner. This language further indicates that the court intended that the policy should be `kept intact during the lifetime of the defendant. The language found in the second paragraph of the court's order is penal in its character and provides that the plaintiff shall pay to defendant the sum of $5000.00 in cash if he fails to comply with the court's order or if he permits said policy to lapse. The same paragraph provides, however, that this cash payment shall not be made if the plaintiff complies with the order of the court. Counsel for defendant insist that the plaintiff has violated the court's order and that, therefore, he should be compelled to make the cash payment. We can not agree with this contention. It is our judgment that the plaintiff has complied with the court's order and that the defendant has received in the insurance policy offered in evidence exactly what the trial court directed the plaintiff to turn over to her.

We hold that the evidence offered in the court below did not establish contempt on the part of the plaintiff and that the judgment of the court is not contrary to law. No error intervened when the trial court overruled the motion for new trial.

We do not find any prejudicial error by reason of the admission or rejection of evidence offered. We have examined the entire record in the light of the seven specifications of error assigned in the petition in error. We find no prejudicial error in any of these particulars. The judgment of the lower court is, therefore, affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.